```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

MITCHELL KEYES,

                Petitioner,

v.                                           9:16-CV-1111
                                                    (MAD/ATB)

CRAIG T. APPLE,

                Respondent.

APPEARANCES:                         OF COUNSEL:

MITCHELL KEYES
#2213
Petitioner, pro se
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Mitchell Keyes filed a petition for a writ of habeas corpus. Dkt. No. 1, Petition ("Pet."). He is confined at the Albany County Correctional Facility, and did not pay the required filing fee ($5.00), or submit a certified application to proceed in forma pauperis ("IFP").[1] For the reasons that follow, IFP status is granted for the limited purpose of filing the

---

[1] To commence a habeas corpus action, a petitioner must pay the court's filing fee ($5.00) or submit an IFP Application that is certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at his or her facility. Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see* Rule 1(b), Habeas Rules (stating that the Habeas Rules may be applied "to a habeas petition not covered by Rule 1(a)."). This action will not be dismissed solely on the ground that petitioner failed to comply with the filing fee requirements. Petitioner submitted a "Resident History Report" that appears to be an accounting of his expenses and balance in an inmate account and, based on the document, he is eligible for IFP status. *See* Dkt. No. 1-2. Additionally, pro se papers are to be read liberally, but "if it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must

petition, and this action is dismissed.

## II. THE PETITION

Petitioner does not appear to be challenging a New York State conviction. *See* Pet. Instead, he challenges a decision by a state court judge in Albany, New York, revoking his probation. *See id.* at 1, 3.[2]

Petitioner explains that on May 30, 2016, he was arrested and charged with second degree burglary. Pet. at 2. He waived a preliminary hearing on that charge and at some point was released on his own recognizance on the burglary charges. *Id.* at 3. On June 2, 2016, a violation of probation proceeding was commenced and, after a hearing, an Albany County judge revoked petitioner's probation based on the fact he was arrested for burglary. *Id.* at 1, 3. Petitioner states that his sentencing on the violation of probation is scheduled for September 20, 2016. *Id.* at 4. He claims that he filed a state court petition for a writ of habeas corpus, but the petition was dismissed "without explanation." *Id.* at 4. Petitioner argues that the probation revocation proceedings did not comport with provisions of the New York Criminal Procedure Law, and that any sentence imposed for the probation revocation will constitute "cruel and unusual punishment." *Id.* at 3. Finally, petitioner states in his cover letter that "further review by the State would be futile." Dkt. No. 1-1 at 1. For a complete statement of petitioner's claims, reference is made to his papers.

## III. DISCUSSION

---

dismiss the petition[.]" Rule 4, Habeas Rules. For the reasons set forth in this Decision and Order, this action is subject to dismissal regardless of whether petitioner has complied with the filing fee requirements.

[2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

This action was not commenced under a specific statute, but there are two provisions that may apply. 28 U.S.C. §2254 which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). 28 U.S.C. § 2241(c)(3) provides that a district court has the power to issue a writ of habeas corpus for a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States . . . ."

Petitioner does not appear to be in custody pursuant to a judgment of a state court, because he has not yet been sentenced for the probation violation. *See* Pet. at 4. Based on petitioner's claims, this action may be more properly brought pursuant to Section 2241. Under either statute, however, a petitioner seeking relief from state court detention is required to exhaust state remedies.

Section 2254 explicitly states that an application for a writ of habeas corpus may not be granted until a prisoner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii). Although petitions filed under 28 U.S.C. § 2241(c)(3) are not subject a statutory exhaustion requirement, federal courts may require, as a matter of comity, that petitioners seeking relief pursuant to section 2241 exhaust all avenues of state relief before seeking a federal writ. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973) (challenging pre-trial detention).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to

raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

In this case, the probation revocation proceedings against petitioner are ongoing. Any state court appeal from the decision revoking probation may not be taken until after he is sentenced on September 20, 2016. *See, e.g., People v. Costanza*, 281 A.D.2d 120 (3d Dep't. 2001) (deciding appeal from final judgment revoking a defendant's probation), *lv. denied* 96 N.Y.2d 827 (2001). Petitioner claims that he filed a state court writ of habeas corpus challenging his detention. Pet. at 4. Even assuming a state habeas action is the proper method to challenge revocation of probation, petitioner does not indicate whether he appealed the dismissal of the petition. *See* Pet. In short, petitioner's claims have not yet been presented to the highest state court capable of reviewing them. *Baldwin*, 541 U.S. at 29.

There is no basis on the record to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v.*

*Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has available state court remedies, and once the probation revocation proceedings against him have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief. *See, e.g., Simone v. Lewin*, No. 1:05-CV-8925, 2006 WL 2468624 at *1-5 (S.D.N.Y. Aug. 11, 2006) (deciding federal habeas petition brought pursuant to section 2254 in which the petitioner challenged the revocation of probation after he was sentenced for the violation, appealed from the judgment, the Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal further).

Based on the foregoing, the exhaustion requirement has not been met. This action is dismissed without prejudice to re-filing it once petitioner fully exhausts his claims. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *Diguglielmo v. Senkowski*, 42 F. App'x. 492 (2d Cir. 2002).

### IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that IFP status is granted for the limited purpose of filing the petition, and the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies. The Court makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. §

2253(c)(2) requires;[3]

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 19, 2016

*[signature]*
Mae A. D'Agostino
U.S. District Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).